UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD TORRENZANO,

                        Plaintiff,          **ORDER**
                                                       CV 07-1113 (ARL)

       -against-

MARY ERVIN, et al.,

                        Defendants.
------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      By letter dated August 22, 2007, defendants move to compel the plaintiff to respond to Interrogatory No. 11. The interrogatory seeks information regarding the plaintiff's prior experience with other interior designers as follows:

> (a) Prior to entering in to the Letter of Agreement referred to in the complaint, had you ever retained or hired an interior designer or interior decorator to provide any interior design or interior decorating services or purchase home furnishings and materials on your behalf or on behalf of any entity owned or controlled by you.
>
> (b) If the answer to (a) is in the affirmative, identify each interior designer or decorator retained or hired by you or by any entity owned or controlled by you, each written contract or agreement entered into with each and all oral representations with each such interior designer or interior decorator which are not set forth in a written contract or agreement.

      According to the defendants, because the plaintiff has asserted claims for breach of contract and fraud in the inducement of the contract he entered with defendant Mary Ervin, plaintiff's experience with other interior designers, including the terms of any contract with them are relevant to the issues of his understanding of the contract at issue in this case. Plaintiff opposes the application by letter dated August 21, 2007.

      To be discoverable, the information sought by a party must be "relevant to a claim or defense of any party. . . ." Fed. R. Civ. P. 26 (b)(1). However, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The standard is broadly applied in order to allow the parties access to important facts. Plaintiff's experience with other designers may have bearing on the reasonableness of plaintiff's interpretation of the instant contract. To the extent plaintiff objects

to the scope of this request, that objection is sustained.  Discovery is limited to the five years preceding the subject contract.

Dated: Central Islip, New York  **SO ORDERED:**
       August 27, 2007

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge