UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD TORRENZANO,

                      Plaintiff,              **ORDER**
                                             CV 07-1113 (ARL)

        -against-

MARY ERVIN, et al.,

                      Defendants.
------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      By letter dated October 19, 2007, the plaintiff moves to compel the defendants to produce documents in response to requests numbered 8, 20-23, 25, 31(iii), 31(iv) and 34.  Defendants oppose the application by letter dated October 24, 2007.  For the reasons that follow, the application is granted in part.

      The defendants object to requests 8 and 25 on the grounds that these requests seek materials that are protected by the attorney-client and work product privileges. Defendants have provided a privilege log that identifies the withheld documents as three e-mails between defendant Mary Ervin and defendant Ferazzoli Imports send in February 2007 that refer to a "conversation with counsel."   Based on the papers before the court, it is impossible to assess whether these materials are privileged.  Accordingly, the court reserves decision on this question and directs that the defendants submit these documents to the court <u>ex parte</u> for <u>in camera</u> review.

      With regard to requests 20-23, the defendants object that these requests are incomprehensible and unduly burdensome.  The court has reviewed these requests and agrees that they are incomprehensible.  Plaintiff's letter clarifies those requests, accordingly,  the defendants are directed to respond consistent with the clarifications.

      Finally, the defendants object to requests 31(iii) and (iv) and 34 on relevancy grounds. These requests seek documents relating to the defendants' communications with any supplier or vendor of materials or services related to the project.   The Federal Rules state that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26 (b) (1).  Here, as the Third Amended Complaint makes clear, plaintiff contends that defendants Mary Ervin and/or Image D'Europe wrongfully charged the plaintiff commissions, fees and/or additional costs in connection with the purchase of materials and/or services from third-party vendors.  <u>See</u> Third Am. Compl. at ¶ 37.  Accordingly, the defendant must produce supporting documents for services or supplies they billed the plaintiff and which were supplied by third-party vendors.

Dated: Central Islip, New York         **SO ORDERED:**
        November 1, 2007

                                           _____/s/_____
                                          ARLENE R. LINDSAY
                                          United States Magistrate Judge